IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02199-BNB


ROY A. MELANSON,

     Plaintiff,

v.

NAMES UNKNOWN, CHAIRPERSON(S) OF COLORADO PAROLE BOARD, et al.,

     Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Roy A. Melanson, is in the custody of the Colorado Department of

Corrections (DOC) and currently is incarcerated at the correctional complex in Sterling,

Colorado.  On August 17, 2012, Mr. Melanson, acting *pro se*, submitted a Prisoner

Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28

U.S.C. § 1915.  Mr. Melanson was granted leave to proceed pursuant to § 1915 and

paid an initial partial filing fee on September 17, 2012.

The Court must construe the Complaint liberally because Mr. Melanson is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the Court will dismiss the instant action.

Mr. Melanson asserts that his due process and equal protection rights are being

violated.  He claims that he was sentenced under the wrong provisions of Colo. Rev.

Stat. § 17-22.5-104, and as a result he will not be considered for parole until he has

served twenty years of his life sentence.  Mr. Melanson also contends that the

sentencing court does not have jurisdiction to set the eligibility date and in doing so

circumvented state law.  Mr. Melanson further contends that the DOC is responsible for

establishing a parole eligibility date but that the Parole Board has failed to acknowledge

his right to a parole eligibility date within ten years of his conviction date.  Mr. Melanson

further asserts that he is not suggesting his conviction is void so his claims do not

implicate *Heck v. Humphrey*, 512 U.S. 477 (1994).  Finally, Mr. Melanson seeks money

damages as relief.

Mr. Melanson's due process claim lacks merit.  The Due Process Clause applies

to parole proceedings only when the state parole statute creates a legitimate

expectation of release.  *See Greenholtz v. Inmates of the Nebraska Penal and*

*Correctional Complex,* 442 U.S. 1, 7 (1979) (To possess an interest protectable under

the Due Process Clause, a person must " 'have a legitimate claim of entitlement to it' ")

(quoting *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972)).  Colorado's parole

statute in effect at the time Mr. Melanson was convicted and sentenced provides that

the parole board "*may* parole any person . . . when such person has served his

minimum sentence, less time allowed for good behavior, and there is a strong and

reasonable probability that the person will not thereafter violate the law . . . ."  Colo.

Rev. Stat. § 17-2-201(4)(a) (1993) (emphasis added).  The parole statute currently in

effect reads the same, except for the reference to "his or her minimum sentence."  Colo.

Rev. Stat.  § 17-2-201(4)(a) (2012).  This discretionary language does not give rise to a

liberty interest protected by the Due Process Clause.  *See Bd. of Pardons v. Allen*, 482

U.S. 369, 379 n.10 (1987) ("[S]tatutes or regulations that provide that a parole board

'may' release an inmate on parole do not give rise to a protected liberty interest."); *see also Malek v. Haun*, 26 F.3d 1013, 1015-16 (10th Cir. 1994) (holding that Utah statute granted parole board complete discretion in making parole decisions and therefore did not create a liberty interest entitled to due process protection).   As such, Mr. Melanson cannot invoke § 1983 as a basis for challenging the length of time he must wait before receiving a parole eligibility date.  *See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) (court held that inmate who has "no liberty interest in obtaining parole. . . , [ ] cannot complain of the constitutionality of procedural devices attendant to parole decisions").

Mr. Melanson's equal protection claim also lacks merit.  Mr. Melanson may not rely on vague and conclusory allegations that his rights have been violated.  *See Fogle v. Pierson*, 435 F.3d 1252, 1263 n.7 (10th Cir. 2006).  Even reading Mr. Melanson's claims liberally, he fails to make a rational argument on the law and facts supporting an equal protection claim.  Mr. Melanson fails to assert how he was treated differently from other similarly situated inmates in the establishing of his parole eligibility date.  *See Penrod v. Zavaras,* 94 F.3d 1399, 1406 (10th Cir. 1996).

The Court, therefore, finds that Mr. Melanson's claims are subject to dismissal because he fails to state a nonfrivolous claim.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Melanson files a notice of appeal he must pay the full $455 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

The Court also notes that on three or more prior occasions, Mr. Melanson has brought an action that was dismissed on the grounds that it is frivolous or failed to state a claim upon which relief may be granted. *Melanson v. Swindler*, No. 09-cv-02405-ZLW (D. Colo. Dec. 15, 2009) (dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I)); *Melanson v. Persons Unknown*, No. 06-cv-02484-ZLW (D. Colo. Jan. 11, 2007) (barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994); *Melanson v. Murdie, et al.*, No. 93-cv-00507-RPM (D. Colo. July 6, 1993) (dismissed for failure to state a claim), *appeal dismissed*, No. 93-1283 (10th Cir. Nov. 17, 1993) (dismissed for lack of prosecution). The Court's determination in each of the above-noted cases, that the case qualified as a strike under § 1915(g), was in keeping with *Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2011). The Court, therefore, would also deny leave to proceed *in forma pauperis* on appeal because Mr. Melanson is subject to § 1915(g) filing restrictions. Accordingly, it is

ORDERED that the Complaint and action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   2nd   day of    October        , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

4